NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1483

HEELING SPORTS LIMITED,

Plaintiff-Appellant,

v.

US FURONG INTERNATIONAL INC., AIR FLY, APPLE FOOTWEAR INC., ZI ZHEN QIAO (also known as Jenny Qiao), 2000 SHOES and DOES 1-10 Inclusive,

Defendants-Appellees.


Craig B. Florence, Gardere Wynne Sewell LLP, of Dallas, Texas, for plaintiff-appellant.  With him on the brief was Stacy R. Obenhaus.  Of counsel was Thomas C. Wright.

Jen-Feng Lee, WorldEsquire Law Firm, LLP, of Pasadena, California, for defendants-appellees.

Appealed from:  United States District Court for the Central District of California

Judge Florence-Marie Cooper

# United States Court of Appeals for the Federal Circuit

2008-1483

HEELING SPORTS LIMITED,

Plaintiff-Appellant,

v.

US FURONG INTERNATIONAL INC., AIR FLY, APPLE FOOTWEAR, INC.,
ZI ZHEN QIAO (also known as Jenny Qiao), 2000 SHOES and DOES 1-10 Inclusive,

Defendants-Appellees.

Appeal from the United States District Court for the Central District of California in case no. 2:06-CV-07624, Judge Florence-Marie Cooper.

_____

DECIDED:  April 3, 2009

_____

Before MAYER, PLAGER, and BRYSON, Circuit Judges.

PER CURIAM.

DECISION

Heeling Sports Ltd. appeals the amount of a damages award for patent infringement and the amount of the associated attorney fee award.  Based on the record before us, we are unable to determine whether the district court's damages award can be sustained.  We therefore vacate and remand to allow the district court to reassess the damages and fee award, or to explain the basis for the damages award.

BACKGROUND

Heeling owns a series of patents related to shoes that have an embedded "covert wheel assembly" in the heel, which allows the wearer to walk, run, or roll in shoes that have the appearance of normal footwear. Heeling sells its embodiment of the invention as "Heelys Skates." In 2006, Heeling sued the defendants, a number of footwear importers and distributors, for infringing its patents by selling footwear similar to the Heelys Skates. The defendants failed to appear, and the United States District Court for the Central District of California entered a default judgment against them. The court issued a preliminary injunction and ordered discovery relating to damages. After the defendants failed to respond to the court-ordered discovery, Heeling filed a motion for contempt. The district court granted the motion and allowed seizure of defendants' documents in order to assist in calculating damages. The documents indicated that the defendants had imported at least 186,150 units of "roller skate" shoes.

Heeling then filed a motion for an award of damages. The motion was supported by the declaration of an expert witness. Based on various factors, including his determination that each unit would produce at least $15.00 in profit, the expert concluded that a reasonable royalty would be $15.00 per infringing unit. See Georgia-Pacific Corp. v. United States Plywood Corp., 318 F. Supp. 1116 (S.D.N.Y. 1970), modified and aff'd, 446 F.2d 295 (2d Cir. 1971); see also Interactive Pictures Corp. v. Infinite Pictures, Inc., 274 F.3d 1371, 1385-86 (Fed. Cir. 2001). By multiplying the royalty rate by the number of infringing units imported, Heeling concluded that its damages were $2,792,250.00. Heeling accordingly requested that the court enter an award in that amount and grant $54,436.95 in attorney fees.

In response, the defendants asserted that rather than selling the shoes for $45.00 per pair, as Heeling's expert had concluded they could have, they actually sold the shoes for $6.50 per pair. The defendants claimed that their profit per pair was only $1.50. After hearing from both sides, the district court issued a permanent injunction, awarded damages of $279,000.00, and ordered the defendants to pay a total of $9,184.50 in attorney fees pursuant to 35 U.S.C. § 285 and Central District of California Local Rule 55-3. Heeling appeals the damages award and the attorney fees award.

DISCUSSION

After a finding of patent infringement, "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 28 U.S.C. § 284. One appropriate means of calculating the amount of a reasonable royalty is to employ "the conceptual framework of a hypothetical negotiation between the patentee and the infringer." Interactive Pictures, 274 F.3d at 1384; see also Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1554 (Fed. Cir. 1995) (en banc).

As we have previously explained, "The question to be asked in determining damages is how much had the Patent Holder and Licensee suffered by the infringement. And that question is primarily: had the Infringer not infringed, what would the Patent Holder-Licensee have made?" King Instruments Corp. v. Perego, 65 F.3d 941, 948 (Fed. Cir. 1995) (citations removed); see also Paper Converting Mach. Co. v. FMC Corp., 432 F. Supp. 907, 916 (E.D. Wis. 1977), aff'd, 588 F.2d 832 (7th Cir. 1978) ("If a rule were to be applied limiting post-infringement court determination of royalties to

the infringer's actual profits, the effect would be to insure the infringer against losses in those situations where actual profits are less than the royalty level that would have been freely negotiated prior to the infringement."). Heeling asserts that in selecting an award of damages that was only 10 percent of Heeling's request, the court must have determined the reasonable royalty based on the defendants' profits rather than the profits the patentee would have made absent infringement. Heeling asks us to set aside the district court's award and to grant its entire damages request.

When reviewing the court's "methodology for arriving at a reasonable royalty," we employ a deferential abuse-of-discretion standard. See SmithKline Diagnostics, Inc. v. Helena Labs. Corp., 926 F.2d 1161, 1164 (Fed. Cir. 1991). However, in this case we cannot review the court's methodology because the court did not provide an explanation of how it arrived at the damages award that it entered. As we have explained, "To enable appellate review, a district court is obligated to explain the basis for the award." Read Corp. v. Portec, Inc., 970 F.2d 816, 828 (Fed. Cir. 1992). While we have cautioned that in light of the need to conserve judicial resources, a remand is a "step not lightly taken," Consol. Aluminum Corp. v. Foseco Int'l Ltd., 910 F.2d 804, 814 (Fed. Cir. 1990), we remand when it is necessary to ensure that we are reviewing a judgment rather than speculating as to the methodology used by the district court or making determinations on our own that should be made in the first instance by the district court.

While Heeling may be correct about the method the district court used to calculate the damages award, there is nothing in the court's order that compels that conclusion. We could guess that the trial court based its damages award on the defendants' claimed profit levels, but it would be a guess, and we think it preferable for

the district court to explain the rationale underlying its decision, so that we can review that decision with that rationale in mind.

Based on Local Rule 55-3, the district court awarded attorney fees in an amount calculated directly from the damages award. Because Heeling contends that the district court's presumed method of calculating damages was incorrect, it challenges the award of attorney fees as well (although it does not challenge the district court's methodology of basing the attorney fee award on the amount of the damages award under Local Rule 55).

Because review of the damages award cannot stand without a fuller explanation by the district court as to how the court arrived at the award, and because the attorney fee award was apparently tied directly to the damages award, we remand to allow the district court either to reassess the damages and fees or to explain how the damages award was calculated. If the damages award is based on a determination of the reasonable royalty per unit, the court should explain why the per unit damages award represents a reasonable royalty that would have been agreed upon following a hypothetical negotiation between the patentee and the infringer.

Costs for this appeal are awarded to Heeling.